Dear Ms. Jones,
You have requested the opinion of this office on the following issue:
 Must a concurrent resolution that suspends a law be included in the "call" for a special session to be considered and acted upon by the Legislature during that special session?
Our response is in the affirmative. LSA-Const. Art. 3, § 2(B) (1974) governing extraordinary sessions of the legislature provides:
 (B) Extraordinary Session. The legislature may be convened at other times by the governor and shall be convened by the presiding officers of both houses upon written petition of a majority of the elected members of each house. The form of the petition shall be provided by law. At least five days prior to convening the legislature in extraordinary session, the governor or the presiding officers, as the case may be, shall issue a proclamation stating the objects of the session, the date on which it shall convene, and the number of days for which it is convened. The power to legislate shall be limited, under penalty of nullity, to the objects specifically enumerated in the proclamation. The session shall be limited to the number of days stated therein, which shall not exceed thirty calendar days. (Emphasis added).
A resolution adopted by the legislature at special session will not have the effect of law unless germane to the governor's call of the special session. Attorney General Opinion 1946-48, p. 373. Finally, note LSA-Const. Art. 3, § 20 (1974) concerning suspension of laws:
§ 20. Suspension of Laws
 Section 20. Only the legislature may suspend a law, and then only by the same vote and, except for gubernatorial veto and time limitations for introduction, according to the same procedures and formalities required for enactment of that law. After the effective date of this constitution, every resolution suspending a law shall fix the period of suspension, which shall not extend beyond the sixtieth day after final adjournment of the next regular session. (Emphasis added).
We conclude that a concurrent resolution which suspends a law must be included in the Governor's "call" for that special session.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Ms. Ann Reilly Jones Special Assistant to the Governor for Health Care and Hospitals Post Office Box 94004 Baton Rouge, LA 70804-9004
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL